UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM CHENEVERT AND
SANDRA CHENEVERT

VERSUS

LIBERTY MUTUAL INSURANCE COMPANY

CIVIL ACTION

NUMBER 15-46-JJB-SCR

## NOTICE REGARDING MOTION

Before the court is the defendant's Motion and Incorporated Memorandum for Extension of Expert Report Deadline by Liberty Mutual Insurance Company. Record document number 18.

This motion indicates that the plaintiffs oppose any extension of the expert deadlines, and also asserts that as of the date the motion was filed, counsel for the plaintiffs have not provided dates to depose the plaintiffs.

Rule 16, Fed.R.Civ.P., requires a showing of good cause to extend a scheduling order deadline. When considering whether there is good cause, the court also considers whether the party seeking the extension has diligently pursued its discovery. Regarding the plaintiff's depositions, the motion asserts that on July 27, 2015 counsel for the defendant requested from their attorney dates to depose the plaintiffs, but as of the date the motion was filed no dates had been provided.

Depositions are usually set on dates that are convenient to both the deponents and all counsel. However, Rule 30,

Fed.R.Civ.P., does not require that depositions be set only on convenient dates.  Rule 30(b) only requires that reasonable notice be given.  Ten days to two weeks is usually considered to be reasonable notice, but less time may be reasonable under some circumstances[1] and more time may be needed under other circumstances.  More time is usually needed when the notice includes a request for production of documents from a party deponent.[2]  When as deposition is properly noticed in accordance with Rule 30(b), absent a timely filed motion to quash the deposition or issuance of a protective order, a party's failure to appear for the party's deposition exposes the party to sanctions under Rule 37(d) Fed.R.Civ.P.

Because this is an opposed motion, the plaintiffs have 21 days to file an opposition or other response.[3]  Consequently, the parties should not expect a ruling on the motion before September 1, 2015 (unless the plaintiff file their response in less that 21 days).  In the meantime, there is nothing prohibiting the defendant

---

[1] Less time may be needed when the parties stipulate to taking the deposition sooner.  See Rule 29(a) (parties may stipulate that a deposition may be taken at any time and on any notice).

[2] This is because a deposition cannot be used to circumvent the time to respond provided by Rule 34(b)(2).

[3] Local Rule 7(f).  Defendant did not file a motion for expedited consideration.

from taking the plaintiffs' depositions, provided they are noticed as required by Rule 30(b).

Baton Rouge, Louisiana, August 6, 2015.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE