UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WILLIAM CHENEVERT AND
SANDRA CHENEVERT

VERSUS

LIBERTY MUTUAL INSURANCE
COMPANY

CIVIL ACTION

NO. 15-046-JJB-EWD

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 29) brought by the defendant, Liberty Mutual Insurance Company ("Liberty Mutual" or "insurer") . The plaintiffs, William and Sandra Chenevert ("plaintiffs" or "insured"), filed an opposition (Doc. 31) and the defendant filed a reply brief (Doc. 33). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 29) is **GRANTED**.

**I.   BACKGROUND**

The following facts are undisputed. On December 16, 2012, the plaintiffs were involved in an automobile accident with Kayla Powers ("Powers"). At the time of the accident, William Chenevert was driving a 2007 Cadillac CTS, and Sandra Chenevert was one of three passengers in the Cadillac. Powers, the at-fault driver, was insured under a liability policy with Louisiana Farm Bureau Casualty Insurance Company ("Louisiana Farm Bureau") with a $50,000 per accident limit. Louisiana Farm Bureau paid its limits on the Powers' liability policy to the plaintiffs.

The Cadillac CTS was covered by an insurance policy issued by Foremost Insurance Company ("Foremost") (Policy No. G00521080801). Foremost paid its limits available under the

1

terms of the plaintiffs' uninsured motorist ("UM") policy. The plaintiffs also have two automobile policies from Liberty Mutual Insurance Company. The first policy (Policy No. A02-298-044680-60) provides UM limits of liability of $500,000 per accident. The second policy (Policy No. LJ1-291-149069-102) provides UM coverage "in excess of the **retained limit** and up to our limit of liability for damages because of **personal injury** or **property damage** to which this policy applies and for which the **insured** is legally liable." Doc. 31-4, at 7 (emphasis in original). For purposes of this ruling, the first policy will be referred to as the "underlying policy" and the second policy will be referred to as the "excess policy."

The plaintiffs filed suit in Louisiana state court seeking additional UM coverage for injuries sustained in the December 16, 2012 accident, under the abovementioned Liberty Mutual policies. The defendant removed the case to this Court. *Notice of Removal*, Doc. 1. The defendant now seeks summary judgment on the plaintiffs' claims.

**II.    INSURANCE POLICIES**

    **A.    Underlying Policy (Doc. 29-2, Ex. 5)**

William and Sandra Chenevert are "insured" persons under the Liberty Mutual automobile policy (Policy No. A02-298-044680-60) ("underlying policy"). A 2002 Ford, identified as vehicle 1, is the only vehicle listed as covered under this policy. Specifically, the "Policy Declarations" page lists the "Vehicles Covered by Your Policy," and only includes the Ford. Doc. 29-2, at 35 (Ex. 5) (VEH: 1; YEAR: 2002; MAKE: FORD; MODEL: E350SUPR22). Additionally, the summary of coverage only includes coverage, limits, and premiums for one vehicle—VEH 1. It is clear from the declarations page that the 2002 Ford has UM coverage with liability limits of $250,000 per person and $500,000 per accident. Part C of the policy lists several exclusions from the UM coverage, including that UM coverage is not provided "for 'bodily injury' sustained: 1.

2

By an 'insured' while 'occupying,' . . . any motor vehicle owned by that 'insured' which *is not insured for this coverage under this policy. . . .*" *Id.* at 44 (emphasis added).

    **B.**    **Excess Policy (Doc. 31-4)**

William and Sandra Chenevert are "insured" persons under the Liberty Mutual personal catastrophe liability policy (Policy No. LJ1-291-149069-102) ("excess policy"). The premium summary on the declarations page states that this policy contains "1 Uninsured Motorist Vehicle," the limit of liability for which is $2,000,000. Doc. 31-4, at 2. The declarations also specifically references the underlying policy[1] as "POL#: A02 298 044680 60." *Id.* at 3. Additionally, it identifies the 2002 Ford as the vehicle covered by the underlying policy's UM coverage— UNDERLYING POLICY SCHEDULE: UM: VEH 1   TERR   013   ST   LA.[2] As previously mentioned, the underlying policy clearly identifies "VEH 1" as the 2002 Ford.

The Schedule for UM Excess Coverage does not state the underlying policy, retained limit, UM limit of liability, or premium. Instead, it says to "see declarations page." *Id.* at 13. It goes on to state:

> [W]e will pay damages in excess of the retained limit for bodily injury sustained by a covered person and caused by an accident, which that covered person is legally entitled to recover from the owner or operator for an uninsured motor vehicle, *if the Schedule above or the Declarations page indicates that Uninsured Motorists Coverage applies*.

*Id.* (emphasis added). Based on this language, and the information contained on the declarations page, the excess policy provides UM coverage for the 2002 Ford.

---

[1] An "underlying policy" is defined as "a policy listed as an underlying policy in the Declarations." Doc. 31-4, at 7.
[2] The "covered auto" under the excess policy is defined as "any motor vehicle covered by an underlying automobile policy for liability coverage and for Uninsured Motorist Coverage." *Id.* at 14.

3

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

## IV.  DISCUSSION

### A.  Relief Barred by La. R.S. 22:1295(1)(c)

The defendant, Liberty Mutual, argues that Louisiana's anti-stacking statute bars the plaintiffs from recovering UM benefits under the Liberty Mutual policies.[3] *Def.'s Supp. Mem.* 1, 7–10, Doc. 29-1. The plaintiffs contend, however, that the anti-stacking statute does not apply in this case because the policy at issue is an excess policy. *Pls.' Opp'n* 5–6, Doc. 31.

"Louisiana's anti-stacking statute prohibits an insured from combining or 'stacking' UM benefits when the insured is seeking recovery with multiple limits of available UM coverage." *Pitts v. Fitzegerald*, 818 So. 2d 847, 852 (La. Ct. App. 2002) (citations omitted); *see* La. R.S. 22:1295(1)(c).[4] In essence, "[a] person who is 'insured' under the UM provisions of several different insurance policies may recover under one, and only one, of the policies." *Id.* at 853 (citations omitted). Although the anti-stacking statute does not "preclude an insured from recovering layers of primary and excess UM coverage purchased for the same vehicle," it does prohibit "stacking of *multiple coverages on multiple vehicles*[.]" *Fay v. Willis*, 577 So. 2d 1147, 1151 (La. Ct. App. 1991) (emphasis added) (citing to several cases where "the courts have struck down . . . attempts by an insured injured while riding in an owned automobile to stack coverages on vehicles under multiple policies or coverage on multiple vehicles under a single policy").

---

[3] "Stacking of UM coverages occurs when the amount available under one policy is inadequate to satisfy the damages alleged or awarded the insured and the same insured seeks to combine or stack one coverage on top of another for the same loss covered under multiple policies or under multiple coverages contained in a single policy." *Pitts v. Fitzegerald*, 818 So. 2d 847, 852 (La. Ct. App. 2002) (citations omitted).

[4] La. R.S. 22:1295(1)(c) contains an exception to the anti-stacking rule when the injured party is occupying a vehicle *not owned by the injured party*. *See* William Shelby McKenzie & H. Alston Johnson, 15 La. Civ. L. Treatise § 4:28 (4th ed. 2014). The plaintiffs do not contest the defendant's argument that the plaintiffs own the Cadillac CTS that was involved in the December 16, 2012 accident. *Def.'s Supp. Mem.* 3, Doc. 29-1; *see Pls.' Opp'n*, Doc. 31. The Court agrees with the defendant that the plaintiffs, as the sole shareholders of "Crayon Campus, Inc.," obtained ownership of the Cadillac upon the corporation's dissolution. *Def.'s Supp. Mem.* 3, Doc. 29-1; *see Succession of Mydland*, 653 So. 2d 8, 11 (La. Ct. App. 1995); La. R.S. § 12:142 (effective from Aug. 15, 2006, to Dec. 31, 2014) (repealed Jan. 1, 2015). Therefore, the exception to the anti-stacking statute does not apply in this case.

5

In this case, there is no genuine dispute as to any of the material facts. Specifically, it is undisputed that the Cadillac CTS is a covered vehicle under the Foremost policy. Additionally, there is no genuine dispute that the only covered vehicle under the Liberty Mutual underlying policy, and therefore the only covered vehicle under the excess policy, is the 2002 Ford. Although the anti-stacking provision generally does not prohibit the stacking of an excess policy on top of a primary / underlying policy, it does prohibit the stacking of policies for two different vehicles. Here, the plaintiffs are attempting to stack UM coverage for their 2002 Ford on top of UM coverage for their Cadillac CTS. Because such stacking is prohibited by La. R.S. 22:1295(1)(c), no reasonable juror could find that the plaintiffs are entitled to recover UM benefits under the Liberty Mutual policies. Summary judgment is therefore appropriate.

### B. Relief Barred by La. R.S. 22:1295(1)(e)

The parties dispute whether La. R.S. 22:1295(1)(e), which bars recovery if the vehicle at issue is not described in the policy, applies in this case. Louisiana's UM coverage statute states:

> The uninsured motorist coverage does not apply to bodily injury . . . while occupying a motor vehicle owned by the insured *if such motor vehicle is not described in the policy under which the claim is made*, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy. *This provision shall not apply to uninsured motorist coverage provided in a policy that does not describe specific motor vehicles*.

La. R.S. 22:1295(1)(e) (emphasis added).

According to the defendant, La. R.S. 22:1295(1)(e) bars the plaintiffs from recovering UM coverage under the Liberty Mutual policies because, at the time of the accident, they were occupying a vehicle they owned but which was not described in either the underlying or excess liability policies. *Def.'s Supp. Mem.* 1, 10–12, Doc. 29-1. The plaintiffs argue that they are not

barred from recovery under this provision because the Liberty Mutual policies do not specifically describe the covered vehicles. *Pls.' Opp'n* 4–5, Doc. 31.

According to the text of the statute, if the policy under which the plaintiff is seeking UM coverage specifically describes the covered vehicles, then UM coverage only applies to those described vehicles. La. R.S. 22:1295(1)(e); *Halphen v. Borja*, 961 So. 2d 1201, 1206 (La. Ct. App. 2007). For example, in *Halphen v. Borja* the court held that the UM coverage at issue was "limited by the statement on the UM declarations page indicating that such coverage is provided only for automobiles owned by the named insureds that are listed on an attached 'Schedule of Covered Autos You Own.'" *Id.*

Here, the plaintiffs are seeking to recover UM coverage under their Liberty Mutual underlying and excess liability policies. As previously discussed, the underlying policy's declarations page specifically describes the 2002 Ford as the only covered vehicle under the policy, and identifies that vehicle as "VEH 1." Furthermore, the excess policy's declaration's page explicitly references the underlying policy by number, and demonstrates that the insureds are only paying a premium for one UM vehicle, identified as "VEH 1." This information, when coupled with the underlying policy itself, unambiguously identifies the 2002 Ford as the UM covered vehicle. Thus, both policies "describe" the covered vehicles. Neither Liberty Mutual policy describes the Cadillac CTS, the vehicle occupied by the plaintiffs at the time of the accident, as a covered vehicle. Therefore, there is no genuine dispute that La. R.S. 22:1295(1)(e) applies to this case. Because the Cadillac CTS is not described in either policy, no reasonable juror could find that the plaintiffs are entitled to recover UM coverage on the Cadillac CTS. Summary judgment is therefore appropriate.

### C. Relief Barred by Insurance Policy

Finally, the defendant argues that the Liberty Mutual policy itself bars recovery because, similar to La. R.S. 22:1295(1)(e), the occupied vehicle was not described in the policy as a covered vehicle. *Def.'s Supp. Mem.* 12–13, Doc. 29-1. The plaintiffs contend, however, that the excess policy coverage has been triggered, and that such policy does not specify any vehicles as the covered vehicle. *Pls.' Opp'n* 3–5, Doc. 31. Additionally, the plaintiffs argue that they reasonably believed that the Cadillac was covered by the excess policy, and that all ambiguities in the policy should be construed in their favor. *Id.* at 6–7.

Louisiana law "precludes the use of the reasonable expectations doctrine to recast policy language when such language is clear and unambiguous." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 522 (5th Cir. 2005) (citations omitted).

The underlying Liberty Mutual policy's UM coverage clearly and unambiguously excludes coverage for bodily injury sustained "by an 'insured' while 'occupying' . . . any motor vehicle owned by that 'insured' which *is not insured for this coverage under this policy*." Doc. 29-2, at 44 (Ex. 5) (emphasis added). The only covered vehicle under the policy is the 2002 Ford, not the Cadillac CTS. Furthermore, because the policy language unambiguously sets forth this exclusion, and because the policy also unambiguously identifies the covered vehicle, the reasonable expectations doctrine does not apply to alter the policy's terms. Therefore, under the terms of the policy itself, no reasonable juror could find that the plaintiffs are entitled to UM coverage for the Cadillac CTS. Summary judgment is therefore appropriate.

### V. CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 29) is **GRANTED.**

Signed in Baton Rouge, Louisiana, on February 29, 2016.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**